UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES K. GIANNINI,<br><br>    Petitioner,<br><br>    v.<br><br>R. J. RACKLEY, Warden, et al.,<br><br>    Respondents. | No. 2:14-cv-0472-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It appears on the face of the petition that petitioner has failed to exhaust state court remedies as to his challenge to the 72-month sentence imposed by the Florida Parole Commission.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  When asked, "Did you appeal from the judgment of conviction?," petitioner responded "Yes," and referred to a July 23, 2013 order of dismissal from the Circuit Court of the Second Judicial Circuit in and for Jefferson County, Florida.[1]  ECF No. 1 at 2-3.  When asked, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?" petitioner responded "No."  *Id.* at 3.  And when asked "Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion," petitioner responded "No."  *Id.* at 4.  Petitioner explained that he had not filed in the highest state court because the July 23, 2013 order of dismissal instructed him to "file in the Circuit Court of the County in which [he is] detained."  *Id.*

Petitioner admits that he has not presented his claims to the highest state court and there is no allegation that state court remedies are no longer available to petitioner.  Petitioner has therefore failed to exhaust state court remedies, as the highest state court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits.  *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  Before proceeding in federal court, petitioner must first exhaust his claims in state court.  This court expresses no opinion as to which state court, Florida or California, is the proper forum for exhaustion.

/////

/////

---

[1] The Circuit Court of the Second Judicial Circuit is not Florida's highest state court.

2

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's request for appointment of counsel (ECF No. 3) is denied.

Further, IT IS HEREBY RECOMMENDED that the application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies and that the Clerk of the Court serve a copy of any order adopting these findings and recommendations, together with a copy of the petition filed on February 13, 2014, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE